**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| STEVEN KADONSKY, | Civil Action No.: 10-903 (AET) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| YVONNE SMITH SEGARS, et al., | |
| Defendants. | |

**APPEARANCES:**

Steven Kadonsky, Pro Se
#807236B 3-EE
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Rahat N. Babar, Esq.
Department of Law and Public Safety
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625
Attorney for Defendants

**THOMPSON,** District Judge

Plaintiff, Steven Kadonsky, confined at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. He has filed a complaint as well as a motion for an emergent temporary injunction. Defendants' attorney has entered an appearance, and filed a Motion To Dismiss on April 19, 2010.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff seeks to sue Yvonne Smith Segars, the Public Defender for the State of New Jersey, and the Office of the Public Defender, under 42 U.S.C. § 1983. He argues that he is "currently before the Supreme Court of New Jersey on a Petition for Certification from the denial of a petition for post-conviction relief (PCR)." (Complt., ¶ 4). His attorney, John P. Pieroni, Esq., wrote a "superb twenty-page Petition for Certification and followed-up the Petition with an excellent five-page letter, detailing a new dispositive and controlling Court Rule which requires reversal of plaintiff's conviction." (Complt., ¶ 4). However, defendants "inexplicably then had Michael Kazer, Esq., an Attorney not of Record, file a substandard one-paragraph Petition." The defendants then had Mr. Pieroni's excellent Petition and dispositive five-page follow up letter 'unfiled.'" (Complt., ¶ 5). Plaintiff states that "if this is not immediately corrected, plaintiff will probably be

required to serve a life sentence for 30 pounds of marijuana, when his conviction should be reversed." (Complt., ¶ 5). Plaintiff asks the Court to order that "Mr. Kazer's substandard one-paragraph Petition for Certification be removed from the record and Mr. Pieroni's excellent Petition for Certification and his February 2, 2010 Letter Supplement be filed." (Complt., ¶ 37).

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint

liberally in favor of the plaintiff. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

B.  **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

   1.   Plaintiff's Claims are Barred by *Younger*.

First, Plaintiff's claims regarding his ongoing state criminal proceedings are essentially a matter of state law procedure. It is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating important state interests are ongoing, Plaintiff has the opportunity to raise his instant claims in those proceedings. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending. Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

    2.    <u>Plaintiff's Claims Regarding his Underlying Criminal Case and his Request for Release are Barred by *Preiser*.</u>

In a series of cases beginning with <u>Preiser v.Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Id.</u> at 500.

In this case, to the extent that Plaintiff asserts that his criminal process is proceeding in an unconstitutional manner, and asks for the charges to be vacated and for his release, Plaintiff

7

challenges the fact of his physical imprisonment. Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

   3.   The Office of the Public Defender is Immune from Suit.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979).

The Office of the Public Defender is immune from suit in federal court under the Eleventh Amendment. The Office of the Public Defender is an agency established by the State of New

Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants. The Public Defender is appointed by the Governor with the advice and consent of the Senate. The Public Defender is authorized to enter into contracts as provided by law. The Public Defender must make an annual report to the Legislature on the operations of the Office. See New Jersey Statutes, Title 2A, Chapter 158A. Thus, the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment. Cf. Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994) (Wisconsin Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity); Allen v. Feldman, 2004 WL 1254001 (D. Del. 2004) (Delaware Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity).

Moreover, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N .J.1989) (the New Jersey Department of Corrections is not a person under § 1983). Thus, the Office of the Public Defender is not a "person" subject to suit under § 1983.

Therefore, the claims against the Office of the Public Defender must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

4.  **Defendant Segars Does Not Act Under Color of State Law.**

In addition, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. at 325. Accordingly, Plaintiff's claims against defendant Segars must be dismissed for failure to state a claim.

### CONCLUSION

For the reasons set forth above, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted and for seeking relief from an immune defendant, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Defendants' motion to dismiss will be dismissed as moot.

An appropriate order accompanies this opinion.

ANNE E. THOMPSON
United States District Judge

Dated: 8/19/10

10